IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE KERSTETTER | : | 4:08-CV-1984 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS SCI-COAL TOWNSHIP, JOSEPH PIAZZA, THOMAS SPENCE, NANCY WILSON and DAVE POPEK | : | |
| Defendants. | : | |

**M E M O R A N D U M**

May 5, 2009

**BACKGROUND:**

On October 31, 2008, plaintiff Diane Kerstetter instituted this civil action against defendants Pennsylvania Department of Corrections SCI-Coal Township (hereinafter "SCI-Coal Township"), Joseph Piazza, Thomas Spence, Nancy Wilson, and Dave Popek. In her complaint, Kerstetter filed the following eight counts: violation of 42 U.S.C. § 1983 (Count I), violation of 42 U.S.C. § 1985 (Count II), retaliation in violation of Title VII of the Civil Rights Act of 1964 (Count III), gender Discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count IV), age discrimination in violation of the ADEA (Count V),

intentional infliction of emotional distress (Count VI), civil conspiracy (Count VII), and constructive discharge (Count VIII).

On January 5, 2009, defendants filed a motion to dismiss. (Rec. Doc. No. 12). Defendants requested an extension to file their supporting brief, thus their supporting brief was timely filed on January 27, 2009. (Rec. Doc. No. 19). Plaintiff filed her opposing brief February 11, 2009 (Rec. Doc. No. 20), and defendants filed their reply brief March 2, 2009. (Rec. Doc. No. 21). Thus, the matter is ripe for disposition.

Now, for the following reasons we will grant defendants' motion in part, and deny the motion in part.

**DISCUSSION:**

### I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court

considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007).

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965.

3

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II. Allegations in the Complaint

Accepting as true all of the allegations in the complaint, the facts are as follows. Diane Kerstetter was, at the time of the events in the complaint, a 60 year-old employee working for SCI-Coal Township. Kerstetter began at SCI-Coal Township in 2004, and in 1996 she was promoted to Accounting Assistant in Inmate Accounts. Nancy Wilson, 42 years-old at the relevant time period, was Kerstetter's immediate supervisor. David Popek, in his late forties, is Business Manager. Joseph Piazza, in his late forties, is Superintendent. Thomas Spence is Human Relations Director.

On August 7, 2006, Pawelcyzk[1] and Wilson told Kerstetter that Piazza had

---

[1] It is unclear from the complaint who "Pawelcyzk" is. Pawelcyzk is only referred to once in the complaint, and only as Pawelcyzk, with no reference to job

4

ordered Kerstetter be transferred to the mailroom. Plaintiff believed she had been subjected to a hostile work environment for years after testifying in a fact finding between two other employees in an EEO hearing. Plaintiff had commendable evaluations until Wilson became her supervisor in February 2005. Plaintiff believed Wilson was retaliating against her for participation in EEO activities. Kerstetter appealed to Popek and Spence regarding the move to the mailroom. Piazza explained to Kerstetter that she was not being moved for disciplinary reasons, but due to a hostile work environment. Kerstetter filed a grievance but no investigation or remedial action was taken.

As a result, Kerstetter suffered emotional distress, and took medical leave beginning August 22, 2006. After Kerstetter returned to work, she was told Piazza had seen her standing around outside the mailroom. Kerstetter asserts she only left the mailroom to use the ladies room. On October 30, 2006, Kerstetter gave Spence a "Doctor's Return to Work Authorization." In the days after, Kerstetter's belongings were packed in six boxes and set aside. Kerstetter left work due to stress over the continued harassment. Kerstetter made efforts to return to her job, but she was ordered by her doctor to resign to protect her health and safety.

Kerstetter asserts she was constructively discharged May 8, 2007.

---

title.

## III. Analysis

1. Count I: Violation of 42 U.S.C. § 1983

In Count I, plaintiff alleges defendants violated her civil rights under 42 U.S.C. § 1983 by "depriv[ing] plaintiff of the rights, privileges and immunities secured . . . by the First, Fourth, Sixth, and Fourteenth Amendments." In her brief, plaintiff conceded that she has no viable claim under the Fourth or Sixth Amendments, as a result she is not pursuing those claims. (Rec. Doc. No. 20 at 6). Plaintiff also indicated that the § 1983 claim is intended to be against the individual defendants, she is not pursuing a claim against SCI-Coal Township. Thus, plaintiff is pursuing a claim that the four individual defendants violated plaintiffs First and Fourteenth Amendment rights, and thus forming a § 1983 claim.

Defendants have not argued for dismissal of the § 1983 claim against the individual defendants for alleged violations of the First and Fourteenth amendments. Therefore, Count I is an actionable § 1983 claim against Piazza, Spence, Wilson and Popek for allegations of deprivations of plaintiff's First and Fourteenth amendment rights.

2. Count II: Violation of 42 U.S.C. § 1985

In Count II, plaintiff alleges that defendants, individually and in their official capacities, conspired against plaintiff to dismiss her. Plaintiff alleges that as part of the conspiracy, defendants met and agreed to harass plaintiff. Plaintiff asserts this "deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the <u>First</u>, <u>Fourth</u>, <u>Sixth</u> and <u>Fourteenth</u> Amendments" in violation of 42 U.S.C. § 1985. In her brief, plaintiff conceded that she has no viable claim under the <u>Fourth</u> or <u>Sixth</u> Amendments, and she is not pursuing those claims against any defendants. (Rec. Doc. No. 20 at 6). Plaintiff also indicated that the § 1985 claim is intended to be against the individual defendants, she is not pursuing the claim against SCI-Coal Township.

Defendants motion asserts that plaintiff failed to state a claim upon which relief can be granted, for she did not include "a short and plain statement of the claim" in her pleading. <u>See</u> Fed. R. Civ. P. 8(a)(2). Plaintiff asserts that paragraphs 1-51 clearly set out the basic facts of her claim. Although plaintiff does not specify under which subsection she is bringing her § 1985 claim, we can infer from her complaint that the claim is of the type that would be brought pursuant to subsection (3) of § 1983. Notice pleading, as opposed to a heightened pleading standard, applies to 42 U.S.C. § 1985(3) claims. <u>See</u> <u>Evans v. Chichester Sch. Dist.</u>, 533 F. Supp. 2d 523 (E.D. Pa. 2008). To state a claim under § 1985(3), plaintiffs must

7

allege:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to the person or property or the deprivation of any right or privilege of a citizen of the United States.

Id. citing Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

"Under the federal notice pleading rules, the threshold for stating a cause of action to survive a Rule 12(b)(6) motion is very low." Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 274 (3d. Cir. 1985). We believe plaintiff has alleged all of the elements to state a claim under § 1985(3). Therefore, Count II is actionable against defendants Piazza, Spence, Wilson and Popek.

3. Count III: Retaliation in Violation of Title VII

In Count III, plaintiff alleges that SCI-Coal Township and the individual defendants, individually and in their official capacities, retaliated against plaintiff for engaging in protected activity in violation of Title VII. Plaintiff conceded in her brief that the individual defendants can not be held liable under Title VII. Plaintiff does assert that the individual defendants may be liable under the Pennsylvania Human Relations Act (PHRA). We infer from plaintiff's brief, that Count III is intended to be a Title VII claim against SCI-Coal Township, and a PHRA claim against the four individual defendants.

8

Defendants do not argue that the Title VII claim against SCI-Coal Township nor the PHRA claim against the individual defendants should be dismissed. The Title VII claim against the individual defendants is dismissed. Count III is actionable as a Title VII claim against SCI-Coal Township, and as a PHRA claim against defendants Piazza, Spence, Wilson, and Popek.

4. Count IV: Gender Discrimination in Violation of Title VII

In Count IV, plaintiff alleges that she was discriminated against based on her gender and subjected to a hostile work environment in violation of Title VII. Plaintiff conceded in her brief that the individual defendants can not be held liable under Title VII. Plaintiff does assert that the individual defendants may be liable under the PHRA.

Defendants do not argue that the Title VII claim against SCI-Coal Township nor the PHRA claim against the individual defendants should be dismissed. The Title VII claim against the individual defendants is dismissed. Count IV is actionable as a Title VII claim against SCI-Coal Township, and as a PHRA claim against defendants Piazza, Spence, Wilson, and Popek.

5. Count V: Age Discrimination in Violation of the ADEA

In Count V, plaintiff alleges that she was discriminated against because of

9

her age in violation of the ADEA. In her brief, plaintiff indicates that she is not pursuing the ADEA claim against the individual defendants or SCI-Coal Township, but she is pursuing a PHRA claim against all parties.

The Commonwealth and its agencies are subject to Eleventh Amendment immunity in federal court for PHRA claims. See DeGroat v. Pa. Dep't of Transp., 2009 U.S. Dist. LEXIS 24335, 5 (M.D. Pa. 2009), see also, Miles v. Pennsylvania Dep't of Conservation &Natural Resources, 2009 U.S. Dist. LEXIS 15454, 5 (M.D. Pa. 2009) citing 42 Pa. C.S.A. § 8521(b) which reads: "Nothing in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Defendants motion to dismiss the PHRA claim as to SCI-Coal Township will be granted.

Defendants do not argue that the PHRA claim against the four individual defendants should be dismissed, thus Count V is actionable as a PHRA claim against defendants Piazza, Spence, Wilson, and Popek.

6. Count VI: Intentional Infliction of Emotional Distress, Count VII: Civil Conspiracy and VIII: Constructive Discharge

In Count VI, plaintiff alleges the defendants caused her severe emotional distress and anxiety. In Count VII, plaintiff alleges the defendants conspired to

force plaintiff to resign or have her terminated. In Count VIII, plaintiff alleges she was forced to resign because of the hostile work environment defendants created. We infer from plaintiff's brief that these three claims are intended to be against the individual defendants only, not SCI-Coal Township. Plaintiff asserts that the individual defendants are being sued in both their official and individual capacities.

"[T]he Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. § 2310.

> The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by: (1) vehicle liability. . ., (2) medical-professional liability. . ., (3) care, custody or control of personal property. . ., (4) commonwealth real estate, highways and sidewalks. . ., (5) potholes and other dangerous conditions. . ., (6) care, custody or control of animals. . ., (7) liquor store sales. . ., (8) national guard activities. . ., (9) toxoids and vaccines. . .

42 Pa.C.S. §8522. A "Commonwealth party" is defined as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment. "Under Pennsylvania law, an employee acts within the 'scope of his employment' when [he or she] engages in conduct of the kind the

11

employee is authorized to perform, when the conduct occurs 'substantially within the authorized time and space limits,' and when the conduct is 'actuated, at least in part, by a purpose to serve' the employer." Sullenberger v. Jobe 2006 WL 3489870, 2 (W.D. Pa. 2006) (internal citations omitted). "A Commonwealth employee is only protected by sovereign immunity for acting within the scope of his office or employment, and remains liable for willful misconduct committed outside the scope of his office or employment." Id.

Plaintiff cites to the Pennsylvania Political Subdivisions Tort Claims Act, 42 Pa.C.S. §§ 8541-8564 to support her argument that the exceptions to governmental immunity in 42. Pa.C.S. § 8542 may cause the individual defendants here to lose their governmental immunity. However, the statute cited by plaintiff is contained in Subchapter C of Chapter 85 of Title 42, and is titled "actions against local parties." Defendants assert the individual defendants here are not employees of a local agency, but are employees of the Commonwealth. As employees of the Commonwealth, the relevant subsection of Title 42, Chapter 85, is Subsection B, titled "actions against Commonwealth parties." "Commonwealth parties" are protected by sovereign immunity unless they act with willful misconduct committed outside the scope of employment. See Sullenberger v. Jobe 2006 WL 3489870, 2 (W.D. Pa. 2006).

Plaintiff argues both the standard of immunity for local agencies and Commonwealth parties in her brief.² However, plaintiff makes no argument that the individual defendants are not Commonwealth parties.

We find that, as employees of SCI-Coal Township, a Commonwealth agency, that the individual defendants are 'Commonwealth parties.' Furthermore, we find that the conduct alleged in the complaint is of the type that occurs 'within the scope of employment.' As a result, we find that the individual defendants are immune from suit for Counts VI, VII, and VIII.

**CONCLUSION:**

Defendants' motion to dismiss is granted in part and denied in part.

As to Count I, all claims of deprivations of <u>Fourth</u> and <u>Sixth</u> Amendment rights in violation of 42 U.S.C. § 1983 are dismissed as to all defendants. All 42 U.S.C. § 1983 claims against SCI-Coal Township are dismissed. The claims remaining in Count I are allegations of deprivations of <u>First</u> and <u>Fourteenth</u> Amendment rights in violation of 42 U.S.C. § 1983 as to defendants Piazza, Spence, Wilson and Popek.

---

²Plaintiff did not use pinpoint cites in her brief. Plaintiff is directed to follow Bluebook formatting and use pinpoint cites in future filings.

As to Count II, all claims of deprivations of <u>Fourth</u> and <u>Sixth</u> Amendment rights in violation of 42 U.S.C. § 1985 are dismissed as to all defendants. All 42 U.S.C. § 1985 claims against SCI-Coal Township are dismissed. The 42 U.S.C. § 1985 claim against defendants Piazza, Spence, Wilson and Popek remains as an alleged deprivation of plaintiff's <u>First</u> and <u>Fourteenth</u> Amendment rights.

As to Count III, any Title VII claim against the individual defendants is dismissed. Count III is actionable as a Title VII claim against SCI-Coal Township, and as a PHRA claim against defendants Piazza, Spence, Wilson and Popek.

As to Count IV, any Title VII claim against the individual defendants is dismissed. Count IV is actionable as a Title VII claim against SCI-Coal Township, and as a PHRA claim against defendants Piazza, Spence, Wilson and Popek.

As to Count V, any ADEA claim against SCI-Coal Township or the individual defendants is dismissed. The PHRA claim against SCI-Coal Township is dismissed. Count V is actionable as a PHRA claim against defendants Piazza, Spence, Wilson and Popek.

Counts VI, VII, and VIII are dismissed as to all defendants.

                                                            s/ James F. McClure, Jr.
                                                           James F. McClure, Jr.
                                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE KERSTETTER | : | 4:08-CV-1984 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS SCI-COAL | : | |
| TOWNSHIP, JOSEPH PIAZZA, | : | |
| THOMAS SPENCE, NANCY | : | |
| WILSON and DAVE POPEK | : | |
| | : | |
| Defendants. | : | |

**ORDER**

May 5, 2009

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

    1.  Defendants Motion to Dismiss is GRANTED in part and DENIED in part.  (Rec. Doc. No. 12).

    2.  The following claims are DISMISSED with prejudice:

        Count I: All claims of deprivations of <u>Fourth</u> and <u>Sixth</u> Amendment rights in violation of 42 U.S.C. § 1983 against all defendants.

        Count I: All 42 U.S.C. § 1983 claims against SCI-Coal

Township.

Count II: All claims of deprivations of <u>Fourth</u> and <u>Sixth</u> Amendment rights in violation of 42 U.S.C. § 1985 against all defendants.

Count II: All 42 U.S.C. § 1985 claims against SCI-Coal Township.

Count III: All Title VII claims against defendants Piazza, Spence, Wilson and Popek.

Count IV: All Title VII claims against defendants Piazza, Spence, Wilson and Popek.

Count V: All ADEA claims against all defendants.

Count V: All PHRA claims against SCI-Coal Township

Count VI: Dismissed as to all defendants.

Count VII: Dismissed as to all defendants.

Count VIII: Dismissed as to all defendants.

3. The following claims are still actionable:

Count I: Claims of deprivations of <u>First</u> and <u>Fourteenth</u> Amendment rights in violation of 42 U.S.C. § 1983 against defendants Piazza, Spence, Wilson and Popek.

16

Count II: Claims of deprivations of <u>First</u> and <u>Fourteenth</u> Amendment rights in violation of 42 U.S.C. § 1985 against defendants Piazza, Spence, Wilson and Popek

Count III: Title VII claim against SCI-Coal Township.

Count III: PHRA claim against Piazza, Spence, Wilson and Popek.

Count IV: Title VII claim against SCI-Coal Township.

Count IV: PHRA claim against Piazza, Spence, Wilson and Popek.

Count V: PHRA claim against Piazza, Spence, Wilson and Popek.

4. Defendants have until May 25, 2009 to file an answer to the remaining counts in the complaint.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge